# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| GREGORY A. HARRIMAN and <br> KATHRYN HARRIMAN, <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES OF AMERICA, <br> RURAL DEVELOPMENT, <br> DEPARTMENT OF AGRICULTURE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket no. 1:11-cv-208-NT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This case comes before the Court on Defendant United States of America, Rural Development, Department of Agriculture's ("**USDA**") Motion for Summary Judgment on Plaintiffs Gregory and Kathryn Harriman's complaint for redemption of their real property. None of the relevant facts are in dispute and the law is well-settled in this area, requiring judgment in favor of the USDA.

In 1991, the Harrimans obtained a loan from the USDA in the amount of $62,200, which was secured by a mortgage on their real property in Waldo County, Maine (the "**Property**"). The Harrimans defaulted on their loan, and, on February 3, 2010, the USDA obtained a valid judgment of foreclosure against them pursuant to Maine's statutory provisions for foreclosure by civil proceedings, 14 M.R.S.A. § 6321-6325.[1] The Judgment of Foreclosure and Sale found that the Harrimans owed

---

[1] It is perhaps more accurate to say that the Harrimans can no longer dispute the validity of this judgment, as they did at one time dispute its validity. However, the Court upheld the judgment and the Harrimans took no appeal therefrom. *See United States of America v. Harriman*, No. 09-348-B-W, slip op. at 8-10 (D. Me. Nov. 2, 2010).

a total of "$69,501.90 in principal, together with $10,028.06 in interest as of June 24, 2009, for a total of $79,529.96, plus interest compounding daily, plus any advances made thereafter under the terms of the mortgage plus costs." *See United States of America v. Harriman*, No. 09-348-B-W at ¶ 4, Judgment of Foreclosure and Sale (D. Me. Feb. 3, 2010). The Court in *United States of America v. Harriman*, No. 09-348-B-W, ordered that if the Harrimans did not pay the United States the amount adjudged (i.e., $79,529.56 plus interest, advances and costs) within 90 days from the date of the order, the United States "shall sell the mortgaged premises . . . pursuant to the requirements of 28 U.S.C. Section 2002, 14 M.R.S.A. Sections 6323, 6324 and this judgment." *Id* at ¶ 5.

Following some difficulties regarding proper publication of the notices of sale, on February 11, 2011, a foreclosure auction of the Property took place. The USDA was the high bidder at the auction, and purchased the Property for $76,986.00. By letter dated April 18, 2011, the Harrimans attempted to "redeem" the Property by tendering a check to the USDA in the amount of $1.00. Their stated bases for this redemption were that the amount recited in the USDA's deed to itself was "One Dollar ($1.00)" and that they were exercising their right of redemption under 14 M.R.S.A. § 2251. When the USDA refused this offer, the Harrimans brought suit against the USDA to compel it to accept their offer and release title to the Property to them.

The Court's Judgment of Foreclosure and Sale in *United States of America v. Harriman*, No. 09-348-B-W, expressly stated that the Harrimans had 90 days from

2

the date of the order to redeem the Property. *See United States of America v. Harriman*, No. 09-348-B-W, Judgment of Foreclosure and Sale at ¶ 5 (D. Me. Feb 3, 2010). A mortgagor's right of redemption following a judgment of foreclosure is governed by 14 M.R.S.A. § 6322, which states, "On mortgages executed on or after October 1, 1975, the period of redemption shall be 90 days from the date of the judgment." The Harrimans' right of redemption thus expired on May 4, 2010 – 90 days after the District Court entered its Judgment of Foreclosure and Sale. The Harrimans should have understood that their $1.00 offer of redemption made on April 18, 2011 was outside the period of redemption, because they have already litigated this issue, and lost. The Harrimans have been told by the Law Court, that "14 M.R.S.A. 2251 (1980) does not extend their right of redemption to judicially-foreclosed real estate to one year beyond the ninety-day period of redemption provided in 14 M.R.S.A. § 6322 (Supp. 2000)." *Harriman, et.al. v. Fleet Bank of Maine*, No. 01-51 (Me. June 14, 2001)(unpublished memorandum of decision at www.cleaves.org.)

The Harrimans' claim that they may redeem the Property for $1.00 cannot be taken seriously.[2] As the USDA points out, the deed recites as the consideration for

---

[2] The Harrimans' litigation over this parcel goes back over a decade and has been in both state and federal, lower and appellate courts. In 2001, United States Magistrate Judge Margaret Kravchuk set forth the history of the case. At that time, the Defendants were already involved in their "fourth piece of litigation in the foreclosure saga commenced on July 24, 2001." *Harriman v. United States Agriculture Secretary*, 2001 WL 1382032 (D. ME. 2001)(Recommended Decision)(describing earlier litigation including: *Fleet Bank. Me. v. Harriman,* 1998 ME 275, 721 A.2d 658; *Harriman v. United States Dept Agric.,* 99 F. Supp.2d 105, 106 (D. Me. 2000); *Harriman v. United States Dep't Agric.,* 1999 WL 33208103 (D. Me. 1999)(unpublished decision); *Harriman v. Fleet Bank Me.*, No. 01-51 (Me. June 14, 2001)(unpublished memorandum of decision at www.cleaves.org)). A fifth bite at the apple was taken in 2005, when the Harrimans sued the USDA to, in effect, quiet title to the farm in Troy, Maine. That action was also dismissed, and the dismissal was affirmed on appeal. *Harriman v. U.S. Dep't. Agric*, Docket No. 05-CV-00079-JAW (D. Me. 2005). The present action can be seen as one more bid to delay the inevitable.

the contract not merely "One Dollar ($1.00)" but "One Dollar ($1.00) and other valuable considerations." The actual amount paid by the USDA for the Property at the foreclosure auction was $76,986. The Harrimans did not redeem their property within the applicable period of time for the required amount and they have no other right of redemption.

For these reasons, the USDA's Motion for Summary Judgment is GRANTED. SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 4th day of January, 2012.